IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CYNTHIA SEELEY,

                Plaintiff,

v.                                     No. CIV-04-0118 JC/LFG

CHRISTOPHER CHASE,

                Defendant.

## MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant Christopher Chase and moves for a protective order, stating as follows:

1.   Plaintiff has requested the opportunity to depose Mr. Chase. Mr. Chase has been criminally indicted for various crimes relating to the Plaintiff in this case, Cynthia Seeley, based upon the identical facts which Plaintiff alleges in this lawsuit. Mr. Chase's criminal trial is expected to be held by the end of July 2004.

2.   Discovery in this matter does not end until the fall of this year, well after the criminal trial of Mr. Chase. Mr. Chase has requested that Plaintiff delay the deposition of Mr. Chase until after his criminal trial as Mr. Chase will be compelled to assert his Fifth Amendment rights in any deposition. Hopefully, Mr. Chase will not be convicted and will be able to fully and completely answer any questions of Plaintiff after his criminal trial. Plaintiff has refused and seeks the deposition of Mr. Chase without regard to these issues.

3.  In addition to refusing to delay the deposition of Mr. Chase, Plaintiff has sought to condition the appearance of Plaintiff upon an agreement that Mr. Chase appear for his deposition.  See Exhibit A attached hereto, e-mail of plaintiff's attorney dated April 1, 2004.  This position is violation of F.R.Civ.P. 26(d) regarding timing of discovery.

4.  This court has discretion to permit or delay discovery pursuant to F.R.Civ.P. 26(c).  A good discussion of the factors to be considered by the court is contained in *CFS-Related Securities Fraud Litigation*, 256 F.Supp.2d 1227 (N.D. Okla. 2003).  These include the status of the criminal case, the interests of the parties, the court and the public.  In this case, Mr. Chase is not requesting a stay of all discovery.  He only asks that his deposition be taken one time, after his criminal trial.  The delay does not impede the ability of the Plaintiff to conduct discovery.  If she took his deposition now, he would simply assert his Fifth Amendment rights and the Plaintiff would receive no information.  If she waits a short time, she may be able to conduct a thorough exam of Mr. Chase. Otherwise, if Mr. Chase is not convicted, he will have to either submit to another deposition, or supplement each prior answer to which he asserted the Fifth Amendment.  This long and tedious process could be avoided by a short delay. Moreover, the court may consider that an adverse inference may be used by Plaintiff if Mr. Chase is forced to assert his Fifth Amendment rights.  Placing a defendant in a position where he has to make a choice of asserting his constitutional rights or suffering an adverse inference is grounds for the court

granting a protective order.    *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Tansworld Mech., Inc.*, 886 F.Supp. 1134 (S.D.N.Y. 1995).

5.    Defendant Chase has attempted to negotiate in good faith with Plaintiff to no avail, and requires the court's assistance.

Respectfully Submitted,

BEALL & BIEHLER


BY:_____*VIA E-FILE ONLY*_____
                GREGORY L. BIEHLER
                Attorney for Defendant
                6715 Academy Rd. NE
                Albuquerque, NM 87109
                (505) 828-3600
                (505) 828-3900

I hereby certify that a true copy
of the foregoing was mailed to:

Mary Y.C. Han
Kennedy & Han, P.C.
201 12th Street NW
Albuquerque, NM 87102

this 2nd day of April, 2004.


___*VIA E-FILE ONLY*_____
GREGORY L. BIEHLER

3