IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA SEELEY,

        Plaintiff,

vs.                                                   CIVIL NO. 04-118 JC/LFG

CHRISTOPHER CHASE,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendant Christopher Chase's ("Chase") Motion for Protective Order [Doc. 8]. The Court considered the motion, response in opposition [Doc. 15] and reply [Doc. 16] and determines that oral argument is not necessary.

### Background

This lawsuit is brought pursuant to 28 U.S.C. § 1983. Plaintiff, Cynthia Seeley ("Seeley"), alleges that Chase violated her rights under the United States Constitution by sexually assaulting and unlawfully arresting her. Seeley also asserts claims against Chase for assault, battery, false arrest and false imprisonment under the New Mexico Tort Claims Act. (Initial Pretrial Report, Doc. 13, p.1). Chase denies Seeley's claims and asserts that he is entitled to qualified immunity on the claims asserted and denies assaulting, battering, engaging in sexual relations or engaging in non-consensual conduct.

With respect to the assault claim, Chase contends that Seeleyengaged in sexual relations with another individual rather than him, and that she was unable to identify Chase from a photographic

array.  Chase further asserts that Seeley identified another person as the assailant and that Seeley's partner, Ms. Jim, identified the individual who is alleged to have had sexual relations with Seeley as a Hispanic.  Chase does not appear to be Hispanic.  (Initial Pretrial Report, p. 3).  As a result of the allegations giving rise to this claim and others, Chase was indicted by a Grand Jury.  (D.N.M. 202 CR 2003-01990, State v. Christopher Chase).  Chase is currently set for trial in the Second Judicial District in June 2004.

In the interim, Seeley noticed Chase's civil deposition, and Chase seeks the Court's order protecting him from giving testimony until after his criminal trial is concluded.

## **Analysis**

Rule 26(b) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  In other words, matters which are privileged may not be discovered.  Even if the rules did not contain specific language exempting privileged information from discovery, the Fifth Amendment to the United States Constitution shields a party who reasonably believes that evidence sought to be obtained could be used against him as an accused in a criminal prosecution.  Wehling v. Columbia Broadcasting System, 608 F.2d 1084, 1086 (5th Cir. 1979), *reh'g denied*, 611 F.2d 1026 (5th Cir. 1980).  The constitutional privilege against self-incrimination has both ancient and venerable antecedents.  Carey v. Rudeseal, 112 F.R.D. 95, 96 (N.D. Ga. 1986).  The importance of this privilege and need for strong protection of its use are clear. Id. at 97.

Supreme Court precedent instructs that the Fifth Amendment privilege extends to all types of testimonial proceedings, whether criminal or civil, including pretrial discovery in civil cases. Maness v. Meyers, 419 U.S. 449, 464-65, 95 S. Ct. 584, 595 (1975); United States v. Kordel, 397

U.S. 1, 7-8, 90 S. Ct. 763, *cert. denied*, 400 U.S. 821 (1970). However, there are limits to the assertion of the Fifth Amendment privilege.

The United States Supreme Court held that the privilege's protection [against self-incrimination] extends only to witnesses who have reasonable cause to apprehend danger from a direct answer. That inquiry is for the Court; the witness' assertion does not by itself establish the risk of incrimination. A danger of imaginary and unsubstantial character will not suffice. Ohio v. Reiner, 532 U.S. 17, 21, 121 S. Ct. 1252 (2001)( *citing* Hoffman v. United States, 341 U.S. 479, 486 (1951)). *See also* Malloy v. Hogan, 378 U.S. 1, 11, 84 S. Ct. 1489, 1495 (1964)(privilege against self-incrimination protects disclosures only if evidence that will provide a link in the chain of evidence needed to prosecute criminal conduct).

Moreover, it is entirely inappropriate for the privilege to be asserted as a general matter in bar of all discovery or in bar of discovery by a particular method, as, for example, by a motion seeking to vacate a deposition notice. Gatoil v. Forest Hill State Bank, 104 F.R.D. 580, 581 (D. Md. 1985)(*citing* 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2018); Jones v. B.C. Christopher & Co., 466 F. Supp. 213, 223 (D. Kan. 1979)(holding that witness may not assert the privilege by refusing to appear for a deposition at all). *See also* General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973)(ruling that blanket refusals to answer all interrogatories, based on the Fifth Amendment privilege, are improper), *cert. denied*, 414 U.S. 1162 (1974).

In this case, Chase requests a stay of discovery, contending that his deposition should not be taken until after the criminal trial in June 2004. The reality is that the date is illusory. The June date is relevant only if Chase is acquitted of the charge. Indeed, if he is convicted of the offense and takes an appeal, he would certainly raise a similar request to bar civil depositions pending completion of

the appeal. Thus, this is a situation where the Court could state that the delay is not unreasonable, as a jury trial is currently set within the next five or six weeks. In accord with the authorities cited above, the Court denies a blanket request for a stay as well as Chase's request to prohibit a deposition altogether.

The proper method of raising the privilege is for Chase to appear at the deposition and be sworn under oath. Chase should then answer the questions he can and invoke the privilege only in response to the questions which he cannot answer where there is a legitimate right to invoke that privilege. S.E.C. v. Thomas, 116 F.R.D. 230, 234 n. 7 (D. Utah 1987). This procedure then allows a court to review the record to decide whether the question posed indeed calls for privileged information, and if the privilege was properly asserted, as to each specific question. Id. In other words, Chase must be able to demonstrate how a responsive answer might have the tendency to incriminate him. The Court must then determine whether Chase is confronted by "substantial and 'real,' and not merely trifling or imaginary hazards of incrimination." Marchetti v. United States, 390 U.S. 39, 53, 88 S. Ct. 697, 705 (1968)(internal citation omitted). "The mere say-so of the claimant does not of itself establish the hazard." Hoffman, 341 U.S. at 486.

In General Dynamics Corp., the circuit court affirmed a trial court's denial of defendant's motion for protective order to stay discovery until completion of all related criminal proceedings and request for an indefinite stay of trial. 481 F.2d at 1212. In reaching its decision, the 8th Circuit reasoned that had defendants asserted the privilege with respect to particular questions and requested that answers be sealed, and/or that the responses be limited to use of counsel for purposes of civil trial, the request might have been granted. Id. at 1213. Defendant's request for an indefinite postponement of the civil proceeding pending final determination of criminal convictions was

4

unreasonable under the circumstances. Justice must be done in both criminal and civil litigation. The rights of a defendant in a criminal case must, of course, be protected. This, however, does not mandate a complete disregard for the rights of a civil litigant. Id.

So, too, here. The Court interprets Chase's request to be in the nature of an indefinite postponement of the civil proceedings. As noted above, the Court finds this unreasonable. Moreover, Chase's request to delay the entirety of his deposition falls within the category of an improper blanket refusal to answer all deposition questions or an inappropriate bar of the use of a particular mode of discovery.

The parties should confer with one another on an appropriate date to take Chase's deposition. To the extent Chase may properly invoke a privilege against self-incrimination, he should do so. However, to be legitimately invoked, he must demonstrate a real and appreciable risk of self-incrimination as to each question he declines to answer on the basis of the privilege. Once the privilege is raised, it is Chase's burden to file a Fed. R. Civ. P. 26(c) motion for protective order. Rule 26(c) protection under these circumstances is confined to instances where the witness has a reasonable cause to apprehend danger from a direct answer. Hoffman 341 U.S. at 486.

Even if Chase takes the position that virtually any and all questions posed to him could tend to incriminate him, the Court cannot make a judgment on the record presently before the Court. A determination of that issue requires consideration of the question asked and the answer given. The Court cannot engage in anticipating every question that could or will be asked of Chase.

Chase's request for a stay is not unusual. Indeed, Seeley's counsel made a similar request in Gonzales v. Duran, No. CIV 01-898 [Doc. 144] on behalf of the plaintiff. In that case, the trial court ultimately determined that a stay of proceedings should be granted pending completion of the criminal

process [Doc. 162]. While that option is available to the parties in this case, that is, to request a stay of all proceedings before the trial judge, a request of that nature goes beyond the magistrate's authority.

In sum, the Court declines to grant Chase the protection he requests and instead directs that the parties proceed to a deposition at a mutually convenient time, and that the deposition proceed in accord with the guidelines discussed herein.

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order [Doc. 8] is DENIED.

                                                   *Lorenzo F. Garcia*
                                                 Lorenzo F. Garcia
                                                 Chief United States Magistrate Judge