IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

04 OCT - 5 PM 2: 07

CYNTHIA SEELEY,

Plaintiffs,

vs.

Case No: CIV-04-0118 JC/LFG

CHRISTOPHER CHASE,

Defendants.

## MOTION BY NON-PARTY TO QUASH SUBPOENA
## and FOR PROTECTIVE ORDER

COMES NOW the New Mexico Children, Youth and Families Department, ("the Department")

by and through Paquin M. Terrazas, Assistant General Counsel, and STATES:

1.      The Department is not a party to this cause.

2.      The Department is a State agency charged in the New Mexico Children's Code and by

Departmental Policy with investigating reports of suspected abuse and/or neglect of children and

providing services if necessary on a voluntary or Court-ordered basis.

3.      Correlative to said investigative function, the Department's Social Workers and staff of

the Department create and maintain records.

4.      All records maintained by the Department pursuant to investigations are confidential,

pursuant to Section 32A-4-33 NMSA 1978, as amended, and pursuant to that statute, disclosure of the

same, directly or indirectly, is prohibited, subject only to the exceptions provided by said statute. So far

as is known to Movant, the party in this civil action who has caused the Subpoena to be issued does not

fall within any of the exceptions to the statutory confidentiality requirement Section 32A-4-33 NMSA

1978, as amended.

5.      In the above referenced cause, a Subpoena has been issued to "Records Custodian," at the

Department's Protective Services office in Albuquerque, NM, compelling the custodian to produce and

mail copies of all records by 8:00 a.m to the offices of Beall & Biehler on October 14, 2004. (See copy of

47

Subpoena attached as Exhibit "A").

6. It is anticipated that through operation of the Subpoena there will be information disclosed to parties to the herein lawsuit and members of the general public in attendance at proceedings in the lawsuit and persons privy to documentation generated in the lawsuit and to other persons not exempted under Section 32A-4-33(B), information in the records mentioned in Paragraph 3, above, or other records created and maintained pursuant to investigations under the Children's Code.

7. Pursuant to said Section 32A-4-33, absent a proper Court order finding that a person or entity has a legitimate interest in a case investigated by the Department, and an order then issued compelling release of information, no records as above-mentioned may lawfully be disclosed.

8. The Subpoena in question purports to require disclosure that may subject the party making disclosure to criminal penalty as provided in said Section 32A-4-33(D). The command of the Subpoena also would require disclosure that would be contrary to Regulations of the Department at 8.8.2.19 NMAC Confidentiality, which requires that disclosures of confidential information not be made except in accord with law, and which may thus subject the party making disclosure to disciplinary action within the Department pursuant to Department Procedures. The Subpoena also purports to require the disclosure of materials which as described, may include communications between an attorney for the Department and Social Workers or managers employed by the Department and who are advised by the attorney, and materials that contain the impressions and other work-product of the attorney, and any such communication is privileged.

9. The Rules of Civil Procedure, at 45(C)(3)(A) (iii), allow the Court to protect against or modify a demand for disclosure of privileged or other protected matter when no exception or waiver applies, and no exception or waiver known to Movant applies in the instant case.

10. In the event disclosure is required, but in that event only, reasonable protective conditions would be:

  A. For the Court to require the Plaintiffs and Defendants in the herein cause to

submit or otherwise inform the Court of theories of their respective cases:

B.  For the Court to then review the items, *in camera*, to determine their relevance, and issue an appropriate order regarding disclosure or protection, or both.

C.  For the Court to fully exempt attorney work-product and attorney-client communications.

D.  In the event the court does not excuse the Records Custodian from submitting such items for inspection and copying, for the Court to limit the disclosure of identifying information that would ordinarily be confidential and ordering the parties not to engage in or permit the secondary disclosure of otherwise confidential information except by further, specific leave of the court, for good cause shown.

11.  The undersigned did not make advance contact with counsel specifically requesting agreement to this motion because of the nature of the matter and because a telephone request was made for such records prior to the issuance of a Subpoena and the matter of confidentiality was briefly discussed, and based thereon, it is presumed that this Motion is opposed.  A hearing will likely be necessary to resolve this matter.

12.  The Subpoena was received on October 5, 2004.

WHEREFORE, the Movant prays the Court quash the Subpoena, or if that relief is not granted, that the Court consider whether the parties, and others who may be privy to such information if it is disclosed, have a legitimate interest in having the information, and for the Court to order limitation to the scope of any disclosure, and limitation of the use of the information, as is just and fair in the circumstances and in accord with law, and Movant further prays for such other, further and different relief as to the Court may seem just.

Respectfully submitted.

Paquin M. Terrazas
Assistant General Counsel
Office of General Counsel
P.O. Drawer 5160
Santa Fe. NM 87502
Telephone: (505) 827-3878
Facsimile: (505) 827-4474

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing was sent by United States Mail, properly posted, to the following on this 6th day of October, 2004.

Gregory L. Biehler
Beall & Biehler
6715 Academy Road, NE
Albuquerque, NM 87109

Mary Y.C. Han
Attorney at Law
1122 Central Avenue, SW
Albuquerque, NM 87102-2976

Paquin M. Terrazas
Assistant General Counsel

**Motion By Non-Party To Quash Subpoena and For Protective Order**

4

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

OCT 0 5 2004

_____ DISTRICT OF _____ New Mexico

CYNTHIA SEELEY,

Plaintiff.     **V.**

CHRISTOPHER CHASE,

Defendant.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:    CIV-04-0118 JC/LFG

**TO:** Children Youth & Families Dept., Protective Services Division, 1011 Lamberton Pl. NE, Albuq, NM 87108
Attn: Joseph Lopez, Records Manager

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all records relating to Cynthia Seeley and any referral for substance abuse or psychological services.

| PLACE | DATE AND TIME |
|---|---|
| Items may be mailed to: BEALL & BIEHLER, 6715 Academy Rd, NE, Albuq., NM 87109 | 10/14/04 8:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Gregory L. Biehler, Attorney for Defendant    Original Signed by Gregory L. Biehler | 8/30/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Gregory L. Biehler, Esq., 6715 Academy Rd. NE, Albuquerque, NM 87109  Phone (505)828-3600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

_A_

AO 88 (Rev. 1/84) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.