IN THE UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF NEW MEXICO

CYNTHIA SEELEY,

       Plaintiff,

vs.

CHRISTOPHER CHASE,

       Defendant.

04 DEC 17 PM 4: 05

CLERK-ALBUQUERQUE

Case No. CIV-04-0118 JC/LFG

## PLAINTIFF'S FIRST MOTION IN LIMINE

COMES NOW Plaintiff Cynthia Seeley, by and through her attorneys of record, Kennedy & Han, P.C., and hereby makes the following motion for an order in limine excluding any testimony at trial by Defendant Christopher Chase. In support of this motion, Plaintiff states the following:

### I. Background

Throughout discovery in the case at bar, Defendant Chase has exercised his Fifth Amendment privilege against self-incrimination. In his deposition, Defendant Chase asserted his Fifth Amendment privilege and refused to answer any questions regarding the events that form the basis of Plaintiff's claims against him. [Deposition of Christopher Chase, attached hereto as Exhibit "A," 18:16-19:17; 19:23-22:5; 22:9-23:8; 23:18-22; 26:2-7; 39:1-13.] Defendant Chase also asserted his Fifth Amendment privilege in his responses to written discovery. For example, Plaintiff's Interrogatory No. 10 asked Defendant Chase to "identify and describe every occasion on which [he] had any kind of interaction with Plaintiff." [Def.'s Answers to Pl.'s 1st Set Interrog., 6, attached as Exhibit "B."] In his Answer to this Interrogatory, Defendant Chase objected on the ground that he "must exercise his rights under the United States Constitution, Fifth amendment, against self-

incrimination pending criminal charges filed against him. [Id.] Plaintiff's Request for admission No. 2 asked Defendant Chase to "admit that while [he] was on duty as an Albuquerque Police Officer on February 19, 2002, [he] transported Cynthia Seeley in [his] police car." [Def.'s Resps. to Pl.'s 1st Set Req. Admis., 1, attached as Exhibit "C."] Defendant Chase responded that "[d]ue to the pendency of criminal charges against [him], he must exercise his rights under the United States Constitution, specifically his Fifth Amendment privilege against self-incrimination . . . ." [Id., 1-2.] Defendant Chase thus consistently refused to answer any questions regarding the events that form the basis of Plaintiff's civil suit against him.

## II. Argument

The discovery process mandated by the Federal Rules of Civil Procedure did away with the archaic practice of "trial by surprise." More than fifty years ago the United States Supreme Court discussed the critical role played by the joint disclosure of information required by the Rules:

> "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation . . . . The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise."

Hickman v. Taylor, 329 U.S. 495, 507 (1947). Here, the content of Defendant Chase's testimony and the theory of his defense are utterly unknown to Plaintiff due to his assertion of his Fifth Amendment privilege. Under these circumstances, allowing Defendant Chase to testify at trial would amount to the "trial by surprise" that the Federal Rules of Civil Procedure are designed to prevent.

A party's assertion of his Fifth Amendment privilege may not be used as a tool for gaining an unfair strategic advantage at trial. See Barmes v. Internal Revenue Svc., 2003 WL 22327982 (S.D. Ind.) (adopting United States v. $60,000 in U.S. Currency, 763 F.Supp. 909, 914 (E.D. Mich. 1991)

and holding that a party "may not use the fifth amendment to shield [him]self from the opposition's inquiries during discovery only to impale [his] accusers with surprise testimony at trial.")  Once invoked, the Fifth Amendment cannot be "tossed aside" at trial simply because doing so is expedient to a litigant's strategy.  SEC v. Zimmerman 854 F.Supp. 896, 899 (N.D. Ga. 1993); see also McGahee v. Massey, 667 F.2d 1357, 1362 (11th Cir. 1982); In re Edmond, 934 F.2d 1304, 1308 (4th Cir. 1991).  Moreover, once a party has asserted his Fifth Amendment privilege on an issue, he is precluded from introducing other evidence on the same issue.  See Traficant v. Commissioner of I.R.S., 884 F.2d 258, 265 (6th Cir, 1989) (holding that civil litigants may not introduce evidence on an issue if they have previously invoked their Fifth Amendment privilege on that issue); Dunkin' Donuts, Inc. v. Taseski, 47 F.Supp.2d 867, 872 (E.D.Mich. 1999).

In the present case, Defendant Chase has steadfastly refused to answer any questions about the events forming the basis of Plaintiff's Complaint.  Given this invocation of the Fifth Amendment privilege by Defendant Chase, this Court should bar Defendant Chase from testifying on these issues at trial.

Respectfully submitted,
KENNEDY & HAN, P.C.

PAUL J. KENNEDY
MARY Y.C. HAN
A. SIBYLLE EHRESMANN
KENNEDY & HAN, P.C.
201 Twelfth Street, N.W.
Albuquerque, NM 87102
(505) 842-8662

3

I hereby certify that a true and correct copy of
the foregoing motion was sent via first class
mail postage prepaid on December 17, 2004
to:

Gregory L. Biehler
Beall & Biehler, P.A.
6715 Academy Road, N.E.
Albuquerque, NM 87109-3365

_____

A. Sibylle Ehresmann

4

**THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN.  SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE...**