IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA SEELEY,

  Plaintiff,

vs.                       CIV No. 04-0118 JC/LFG

CHRISTOPHER CHASE,

  Defendant.

**MEMORANDUM OPINION AND ORDER**

  THIS MATTER comes before the Court on Defendant's Motion to Dismiss for Discovery Abuse, filed November 18, 2004 (*Doc. 62*). Having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, the Court finds the Motion not well-taken and it is, therefore, denied.

**I.**   **Background**

  The facts relevant to this Motion are briefly summarized as follows. Plaintiff mailed her initial disclosures to Defendant on April 6, 2004. In them, she provided general information regarding medical and psychological treatment she had received during the five years prior. Among the disclosures was information that Plaintiff had been treated by "Cathy Schorr" at Bridges for Women and by an unnamed physician and psychiatrist at the New Mexico Women's Correctional Facility (NMWCF). On March 25, 2004, Defendant mailed his first set of interrogatories and production requests to Plaintiff. In response thereto, Plaintiff identified "Kathy Schauler" in the Bridges program and said Kathy was with a "Family Practice" located at Girard and Carlisle.

  Defendant's investigation revealed no such Kathy Schauler at the Bridges program and no

Family Practice at Girard and Carlisle, which streets, in fact, run parallel to one another. Subsequently, Defendant learned on his own that Plaintiff had actually been treated by a "Cathy Schueler" with Bosque Mental Health. Shortly thereafter, Plaintiff, too, learned the correct name, address and phone number of Ms. Schueler and sent that and other information to Defendant in supplemental disclosures. It is primarily this set of operative facts that prompt Defendant to move the Court for dismissal of Plaintiff's case with prejudice as remedy for alleged discovery abuse.

## II. Discussion

Dismissal of Plaintiff's case for alleged discovery violations "represents an extreme sanction appropriate only in cases of willful misconduct." *Erenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). When dismissal is sought as remedy for alleged discovery violations, the Court must apply a "fact specific inquiry" in determining what, if any, sanction is truly warranted. *Id.* In particular, the five-part consideration for dismissal under Fed.R.Civ.P. 37(b)(2)(B) as set forth in *Erenhaus* is as follows:

> (1) the degree of actual prejudice to the Defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be a sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Erenhaus*, 965 F.2d at 921. These factors are to be considered by the Court, though they do not constitute a rigid test for dismissal. *Id.*

In the instant case, the facts indicate that Plaintiff's failure to accurately disclose the information initially is more likely attributable to a logical mistake than ill motive. Plaintiff was treated by Ms. Schueler while enrolled in the Bridges for Women program ("Bridges"), a transitional

living program for women who have been released from incarceration. Plaintiff was enrolled in the program from May through October of 2003 as a condition of her probation. While at Bridges, Plaintiff was taken to Albuquerque Metro Central Intake (AMCI) for assessment pertaining to mental health services. Following the assessment, AMCI referred Plaintiff to Ms. Schueler, from whom Plaintiff received therapy. As Plaintiff correctly asserts, it is not at all surprising under these circumstances that Plaintiff would associate Ms. Schueler with the Bridges program as she did. Thus, the Court finds a belabored analysis of each factor unnecessary here, for, as briefly discussed below, the error was essentially harmless.

Briefly considering the *Erenhaus* factors, the Court finds no showing of culpability on the part of Plaintiff; the Court has not given and would not give any warning that this alleged abuse would be remedied by dismissal; and little or no interference with the judicial process is evident, for the discovery information in question was provided by Plaintiff to Defendant twice, nearly two-and-one-half months prior to the close of discovery. Finally, the Court takes this opportunity to note that Defendant's blame is misplaced if indeed he spent significant time or expense in determining that two familiar Albuquerque streets run parallel to one another. Certainly such assertion in no way supports a finding of actual prejudice as contemplated by *Erenhaus*.

In summary, the Court finds an insufficient factual basis to support Defendant's contention that Plaintiff acted willfully, intentionally, or in bad faith. The Court finds, instead, that Plaintiff acted in substantial compliance with the governing rules.

WHEREFORE,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Discovery Abuse, filed November 18, 2004 (*Doc. 62*) is DENIED.

Dated this 20th day of January, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

>   Gregory L. Biehler, Esq.
>   Beall & Biehler, P.A.
>   Albuquerque, New Mexico

Counsel for Defendant:

>   Mary Y.C. Han, Esq.
>   A. Sibylle Ehrensmann
>   Kennedy & Han, P.C.
>   Albuquerque, New Mexico