IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA SEELEY,

      Plaintiff,

vs.                                                                                                          CIV No. 04-0118 JC/LFG

CHRISTOPHER CHASE,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's *Motion in Limine Pursuant to Fed.R.Civ.P. 37(c)(1) to Exclude Evidence or Witnesses Regarding Other Alleged Assaults by Defendant Based Upon Plaintiff's Failure to Comply With Fed.R.Civ.P. 26(a)(1)(A)&(B) and (e)*, filed January 13, 2005 (*Doc. 85*) ("Motion"). Having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, the Court finds the Motion not well-taken and it is, therefore, denied.

**I.    Procedural Background**

In a pretrial conference held on January 19, 2005, the Court ruled on several motions, including Defendant Christopher Chase's Motion in Limine to Exclude Evidence of Defendant's Other Alleged Assaults and Pending Criminal Charges, filed November 18, 2004 (*Doc. 60*), which was denied. In denying Document 60, the Court necessarily denied Defendant Christopher Chases's Amended Motion in Limine to Exclude Evidence of Defendant's Other Alleged Assaults and Pending Criminal Charges, filed November 19, 2004 (*Doc. 64*), as the two motions, Document 60 and

Document 64, appear to be the same document, verbatim[1]. Defendant also filed the Motion presently before the Court, seeking to exclude the same evidence that was the subject of Documents 60 and 64, though on different grounds.[2] For clarity, in this Memorandum Opinion and Order, the Court reiterates its denial of Document 60, denies as moot Document 64, and further denies Document 85 on its merits pursuant to the following brief discussion.

## II.     Discussion

Defendant brings this Motion requesting exclusion of witnesses and evidence related to other claims of assault and battery against Defendant based on Plaintiff's alleged failure to properly and timely disclose such witnesses and evidence in violation of Rule 26(a)(1)(A) and (B) and (e). In support of his position, Defendant asserts that "Plaintiff has failed to provide *any* disclosures regarding the other assaults that satisfy the requirements of Fed.R.Civ.P. 26(a) and (e)." Def's Mem. at 4 (emphasis added). Defendant further asserts that Plaintiff "has not identified the witnesses or evidence that she intends to present at trial on this issue," rendering Defendant unable to fully prepare. *Id.* at 5. Defendant then urges the Court to apply the *Woodworker's Supply* factors to conclude, in its discretion, that Plaintiff's alleged violation was not harmless and exclusion is warranted. *Woodworker's Supply, Inc. v. Principle Mutual Life Ins. Co.*, 170 F.3d 985 (10th Cir.

---

[1]Notably, in these motions, Defendant argued to the Court the inadmissibility of evidence pertaining to other alleged assaults, citing to the Federal Rules of Evidence but failing to discuss or even mention Rule 415, which provides for the admissibility of similar offenses in civil cases concerning sexual assault.

[2]Notwithstanding Defendant's filing trilogy seeking exclusion of this evidence, Defendant asserts that he was blind-sided on the eve of trial by Plaintiff's intended introduction thereof. Mem. in Supp. of Def's Mot. at 4, 7. Defendant's efforts, however, beg the question of why he labored for exclusion of evidence he believed Plaintiff did not intend to introduce.

1999).

Plaintiff responds that she did, in fact, disclose the evidence in question, albeit in her written discovery responses and not in her initial Rule 26 disclosures or in the parties' initial pretrial report, and thus Rule 37(c)(1) "has no bearing on this matter."  Resp. at 4.  Indeed, Plaintiff provided a copy of the Grand Jury Indictment of Defendant Christopher Chase pursuant to Rule 34(b) on April 27, 2004, three weeks after making her initial disclosures.  *See* Resp., Ex. 1.  Plaintiff also questioned Defendant himself about the other alleged victims when taking his deposition on June 21, 2004.  Chase Depo. at 30-37.  Plaintiff next asserts that, even if the Court were to find a failure to properly disclose the information, any omission on her part is harmless in nature given the facts that she made the disclosures prior to the close of discovery, that Defendant had deposed most of the witnesses in question at the time she filed her Response, and that the Court already ruled the evidence admissible under the Federal Rules of Evidence.

Assuming, without determining, there was in fact a violation of Rule 26(a) committed by Plaintiff, the Court finds no resulting prejudice to Defendant.  Any such omission is more accurately categorized as harmless, primarily by strength of (1) Defendant's written opposition to the admissibility of this evidence predating what he claims to be the time he learned of its intended introduction; (2) no convincing evidence of willfulness or bad faith on the part of Plaintiff; and (3) Plaintiff's disclosure having occurred prior to the close of discovery.  Thus, the Court finds exclusion under Rule 37(c)(1) not warranted.

### III.  Conclusion

In sum, the Court finds harmless any violation of Rule 26 possibly committed by Plaintiff in regard to disclosure of witnesses or evidence pertaining to other alleged assaults by Defendant and,

3

therefore, denies *Defendant's Motion in Limine Pursuant to Fed.R.Civ.P. 37(c)(1) to Exclude Evidence or Witnesses Regarding Other Alleged Assaults by Defendant Based Upon Plaintiff's Failure to Comply With Fed.R.Civ.P. 26(a)(1)(A)&(B) and (e)*.

WHEREFORE,

**IT IS ORDERED** that Defendant's Motion in Limine Pursuant to Fed.R.Civ.P. 37(c)(1) to Exclude Evidence or Witnesses Regarding Other Alleged Assaults by Defendant Based Upon Plaintiff's Failure to Comply With Fed.R.Civ.P. 26(a)(1)(A)&(B) and (e), filed January 13, 2004 (*Doc. 85*) is DENIED.

**IT IS FURTHER ORDERED THAT** Defendant Christopher Chase's Amended Motion in Limine to Exclude Evidence of Defendant's Other Alleged Assaults and Pending Criminal Charges, filed November 19, 2004 (*Doc. 64*) is DENIED as MOOT.

Dated February 3, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

4