**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CYNTHIA SEELEY,

     Plaintiff,

v.                                                 CIV No. 04-0118 JC/LFG

CHRISTOPHER CHASE,

     Defendant.

**<u>PLAINTIFF'S REQUESTED JURY INSTRUCTIONS
(NUMBERED WITH CITATIONS)</u>**

COMES NOW Plaintiff Cynthis Seeley, by and through her attorneys Kennedy & Han, P.C., and hereby requests that the following stock jury instructions for civil cases of the Honorable Judge John Edwards Conway be given at trial if warranted by the evidence and claims on which the jury will decide:

General Jury Instruction No. 1 (At Conclusion of Trial), unmodified.

General Jury Instruction No. 2 (Duty to Follow Instructions), unmodified.

General Jury Instruction No. 3 (Burden of Proof), unmodified.

General Jury Instruction No. 4 (Evidence - Excluding Argument of Counsel & Comment of Court), unmodified.

General Jury Instruction No. 5 (Evidence - Inferences/Direct & Circumstantial), unmodified.

General Jury Instruction No. 6 (Credibility of Witnesses), unmodified.

General Jury Instruction No. 9 (Duty to Deliberate & Verdict), unmodified.

Plaintiff also requests that the following stock jury instructions of the Honorable Judge James A. Parker be given at trial if warranted by the evidence and claims on which the jury will decide:

General Jury Instruction No. 3 (Equal Standing), unmodified.

General Jury Instruction No. 19-A (Proximate Cause), unmodified.

In addition, Plaintiff requests that the following jury instructions and verdict form be given if warranted by the evidence and claims on which the jury will decide:

**INSTRUCTION NO. 1**

**PRELIMINARY INSTRUCTION**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of

the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.


_____ GIVEN

_____ REFUSED

_____ WITHDRAWN

<u>See</u> Fifth Circuit Pattern Jury Instructions (Civil) 3.1 (2004).

**INSTRUCTION NO. 2**

**STATEMENT OF PLAINTIFF'S CLAIMS**

On February 19, 2002, Plaintiff Cynthia Seeley was at her friend Dorinda Jim's apartment. An argument broke out between Ms. Jim and Plaintiff, and Ms. Jim called the Albuquerque Police Department to her home for assistance. A short while later, Defendant Christopher Chase, who was an APD officer, and two (2) or three (3) other APD officers arrived at Ms. Jim's apartment. Upon assessing the situation, Defendant stated that the two women needed to separate and "cool off." Defendant removed Plaintiff from her apartment and told her that he would drive her to another friend's house.

Plaintiff alleges that Defendant then drove her to a deserted alley near the Marriott hotel close to Louisiana Boulevard in Albuquerque, New Mexico. Plaintiff further alleges that Defendant parked his car, removed Plaintiff's shorts, and forced Plaintiff to bend over the back seat of the car where he then raped her. Plaintiff claims that Defendant's acts violated her constitutional rights, and proximately caused her pain, suffering, humiliation, and severe psychological and emotional distress for which she is entitled to an award of damages.

_____ GIVEN

_____ REFUSED

_____ WITHDRAWN

N.M. U.J.I. 13-302A (Michie 2004) (modified); Plaintiff's Complaint.

**INSTRUCTION NO. 3**

**ELEMENTS OF PLAINTIFF'S UNLAWFUL
DETENTION AND EXCESSIVE FORCE CLAIMS**

Section 1983 of Title 42 of the United States Code provides that a person may sue for an award of money damages against any person who, "under color" of any state law or custom, intentionally violates his or her rights under the Constitution of the United States. In this case, Plaintiff claims that Defendant, while acting under color of authority of the State of New Mexico as an Albuquerque Police Officer, violated Plaintiff's constitutional right to be free from the use of excessive force and unlawful detention by a law enforcement officer.

Under the Fourth Amendment to the Constitution of the United States, a citizen has the right not to be subjected to an unreasonable detention or arrest. She also has the right under the constitution not to be subjected to unreasonable force, even if during an otherwise proper detention or arrest.

A person may sue for an award of money damages against anyone who, under color of any state law or custom, intentionally violates her rights under the Constitution of the United States.

Plaintiff must prove each of the following by a preponderance of the evidence:

1.     That Defendant intentionally committed acts, and these acts violated one or more of Plaintiff's federal constitutional rights that I have described to you;

2.     That in so doing Defendant acted "under color" of the authority of the State of New Mexico; and

3.     That Defendant's acts were the legal cause of Plaintiff's damages.

In this case the parties have agreed that Defendant acted "under color" of state law and you must accept that fact as proven.

Plaintiff's first claim is that she was subjected to an unreasonable detention. This means Defendant detained her without an objectively reasonable and articulable suspicion to believe that she had committed or was committing a crime, or that Defendant arrested her without probable cause to believe that she committed a crime. You must decide whether Defendant committed the acts that Plaintiff claims he committed.

In that regard you are instructed that a police officer may temporarily detain a person to investigate potential wrongdoing only if the officer has an objectively reasonable and articulable suspicion that criminal activity is occurring. An officer has the right to arrest a person without a warrant if the officer has probable cause to believe that such person has committed a misdemeanor offense in the presence of the officer.

Plaintiff's second claim is that Defendant used excessive force against her. Every person has the constitutional right not to be subjected to unreasonable or excessive force, even if during an otherwise proper arrest or detention. However, in making a lawful detention or arrest, an officer has the right to use such force as is necessary under the circumstances to complete the detention or arrest. You must determine whether the force used in making the detention or arrest of Plaintiff was unnecessary, unreasonable, or excessively violent. The force used in making a detention or arrest is unnecessary, unreasonable, or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied in making the detention or arrest under the same circumstances.

Regarding the third element of Plaintiff's Fourth Amendment claims, Plaintiff must also prove by a preponderance of the evidence that any wrongful act or failure to act by Defendant was a cause-in-fact of the damage Plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part

in bringing about or actually causing the injury or damages. Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Defendant was a proximate cause of the damage she suffered in order to satisfy this third element of her claims.

If you find that Plaintiff has proven one or both of the above claims as to Defendant by a preponderance of the evidence, you must find for Plaintiff and against Defendant as to that claim. If, however, you find that Plaintiff has not proven any of the above claims as to Defendant by a preponderance of the evidence, you must find for Defendant.

_____    GIVEN

_____    REFUSED

_____    WITHDRAWN

Fifth Circuit Pattern Jury Instructions (Civil) 10.1 (2004) (modified); Terry v. Ohio, 392 U.S. 1, 88 (1968); United States v. Walker, 933 F.2d 812, 815 (10th Cir. 1991); Baptiste v. J.C. Penney Co., Inc., 147 F.3d 1252, 1256 (10th Cir. 1998); Brierley v. Schoenfeld, 781 F.2d 838, 841 (10th Cir. 1986).

**INSTRUCTION NO. 4**

**EXCESSIVE FORCE — SENSE OF SECURITY AND INDIVIDUAL DIGNITY**

A finding of excessive force is not foreclosed by a determination that a person against whom force was used did not suffer physical injury. An officer's use of force may also be unreasonable or excessive if it invades a person's sense of security or individual dignity.

_____ GIVEN

_____ REFUSED

_____ WITHDRAWN

Holland v. Harrington, 268 F.3d 1179, 1195 (10th Cir. 2001).

**INSTRUCTION NO. 5**

**ELEMENTS OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM**

In the alternative to Plaintiff's claim that Defendant used excessive force against her in violation of her Fourth Amendment rights, Plaintiff claims that Defendant violated her substantive due process rights under the Fourteenth Amendment to the United States Constitution, including her right to bodily integrity.

The Due Process Clause of the Fourteenth Amendment protects citizens against state actions that deprive them of life, liberty, or property without due process of law. Furthermore, the right to bodily integrity constitutes a historic liberty interest protected substantively by the Due Process Clause. In order to prevail against Defendant on a Due Process claim under the Fourteenth Amendment, Plaintiff must prove each of the following elements by a preponderance of the evidence as against Defendant:

1.    That Defendant acted "under color" of the authority of the State of New Mexico;

2.    That Defendant violated Plaintiff's bodily integrity;

3.    That Defendant's acts were the legal cause of Plaintiff's damages.

In this case the parties have agreed that Defendant acted "under color" of state law and you must accept that fact as proven.

Regarding the second element Plaintiff's Due Process claim, you are instructed that the violation of a person's bodily integrity occurs when someone acting under color of state law engages in unwanted sexual touching or fondling of the person or some other egregious sexual contact with the person. If you find that Defendant sexually assaulted Plaintiff as she claims, then you are instructed that the parties have agreed that this constitutes a violation of Plaintiff's bodily integrity.

Regarding the third element of Plaintiff's Due Process claim, Plaintiff must also prove by a

preponderance of the evidence that any wrongful act or failure to act by Defendant was a cause-in-fact of the damage Plaintiff suffered.  An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.  Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Defendant was a proximate cause of the damage she suffered in order to satisfy this third element of her claim.

\_\_\_\_\_  GIVEN

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN

Jones v. Wellham, 104 F.3d 620, 628 (4th Cir. 1997) (holding that district court properly instructed jury that if it found that defendant police officer forcibly raped plaintiff, "this would constitute a violation of her rights under the Fourteenth Amendment."); Haberthur v. City of Raymore, Mo., 119 F.3d 720, 723 (8th Cir. 1997) (holding that "sexual fondling and touching or other egregious sexual contact" by police officer may violate a plaintiff's substantive due process rights); Rogers v. City of Little Rock, Ark., 152 F.3d 790, 796 (8th Cir. 1998) ("No degree of sexual assault by a police officer acting under color of law could ever be proper."); Bennett v. Pippin, 74 F.3d 578, 584 (5th Cir. 1996) (upholding district court's verdict that sheriff's rape of plaintiff violated her substantive due process rights); cf. Fontana v. Haskin, 262 F.3d 871, 881-82 (9th Cir. 2001) (finding that "sexual harassment by a police officer of a criminal suspect during a continuing seizure is analyzed under the Fourth Amendment.").

**INSTRUCTION NO. 6**

**ELEMENTS OF PLAINTIFF'S BATTERY CLAIM**

To recover for battery, Plaintiff must prove that:

1.      Defendant intentionally touched Plaintiff; and

2.      Defendant touched Plaintiff in a rude, angry, or insolent manner.

If you find that Plaintiff has proven the above claim as to Defendant by a preponderance of the evidence, you must find for Plaintiff and against Defendant as to this claim.  If, however, you find that Plaintiff has not proven the above claim as to Defendant by a preponderance of the evidence, you must find for Defendant.

_____  GIVEN

_____  REFUSED

_____  WITHDRAWN

N.M. U.J.I. 14-320 (Michie 2004) (modified).

**INSTRUCTION NO. 7**

**ELEMENTS OF PLAINTIFF'S ASSAULT CLAIM**

To recover for assault, Plaintiff must prove that:

1.      Defendant tried to touch Plaintiff; and

2.      Defendant intended to touch Plaintiff; and

3.      Defendant acted in a rude, angry, or insolent manner;

*OR*

1.      Defendant threatened or menaced Plaintiff; and

2.      This caused Plaintiff to believe that Defendant was about to touch her in a rude, angry, or insolent manner; and

3.      A reasonable person in the same circumstances as Plaintiff would have had the same belief.

If you find that Plaintiff has proven the above claim as to Defendant by a preponderance of the evidence, you must find for plaintiff and against Defendant as to this claim.  If, however, you find that Plaintiff has not proven the above claim as to Defendant by a preponderance of the evidence, you must find for Defendant.


\_\_\_\_\_  GIVEN

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN

N.M. U.J.I. 14-303 (Michie 2004) (modified).

**INSTRUCTION NO. 8**

**ELEMENTS OF PLAINTIFF'S FALSE IMPRISONMENT CLAIM**

To recover for false imprisonment, Plaintiff must prove that:

1.      Defendant restrained or confined Plaintiff against her will; and

2.      Defendant knew he had no authority to restrain or confine Plaintiff in that way.

If you find that Plaintiff has proven the above claim as to Defendant by a preponderance of the evidence, you must find for plaintiff and against Defendant as to this claim.  If, however, you find that Plaintiff has not proven the above claim as to Defendant by a preponderance of the evidence, you must find for Defendant.

_____  GIVEN

_____  REFUSED

_____  WITHDRAWN

Diaz v. Lockheed Electronics, 95 N.M. 28 (1980); NMSA 1978, § 30-4-3 (1963).

# INSTRUCTION NO. 9

## ELEMENTS OF PLAINTIFF'S FALSE ARREST CLAIM

To recover for false arrest, Plaintiff must prove that:

1.     Defendant unlawfully arrested Plaintiff and took her into custody; and

2.     The arrest of Plaintiff caused her to suffer injury, damage, loss or harm.

If you find that Plaintiff has proven the above claim as to Defendant by a preponderance of the evidence, you must find for plaintiff and against Defendant as to this claim.  If, however, you find that Plaintiff has not proven the above claim as to Defendant by a preponderance of the evidence, you must find for Defendant.

_____  GIVEN

_____  REFUSED

_____  WITHDRAWN

Federal Jury Practice and Instructions – Civil (5th Ed.), §121.41 Elements of False Arrest

**INSTRUCTION NO. 10**

**INFERENCE FROM ASSERTION OF FIFTH
AMENDMENT RIGHT TO REMAIN SILENT**

Under the United States Constitution, a person is entitled to assert his or her Fifth Amendment right to remain silent in response to questions put to him in a civil proceeding where he believes the answers may incriminate him in future criminal proceedings.  Where a person asserts his Fifth Amendment rights in response to probative evidence offered against him, you the jury are permitted to assume that his testimony would be unfavorable to him in any manner that you deem reasonable and supported by the evidence.

\_\_\_\_\_  GIVEN

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN


Baxter v. Palmigiano, 425 U.S. 308, 318 (1976) (stating that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them"); LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 390 (7th Cir. 1995) (observing that "[t]he rule that adverse inferences may be drawn from Fifth Amendment silence in civil proceedings has been widely recognized by the circuit courts of appeals . . . since Baxter was decided.") (citing cases); see also Mid-America's Process Serv. v. Ellison, 767 F.2d 684, 686 (10th Cir. 1985) (stating that parties may assert a Fifth Amendment privilege in a civil case, "in which event they may have to accept certain bad consequences that flow from that action." Hughes Tool Co. v. Meier, 489 F.Supp. 354, 374 (D.Utah 1977)(holding that the Fifth Amendment does not preclude judgment against a party based in part on adverse inference arrived at through his assertion of Fifth Amendment right in a civil case).

**INSTRUCTION NO. 11**

**COMPENSATORY DAMAGES**

If you should decide in favor of Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate Plaintiff for any of the following elements of damages proved by Plaintiff to have resulted from the wrongful conduct as claimed:

(1)     Pain and suffering Plaintiff experienced, and is reasonably certain to experience in the future, as a result of Defendant's wrongful conduct;

(2)     Mental and emotional distress, including personal humiliation, and mental anguish and suffering Plaintiff experienced, and is reasonably certain to experience in the future, as a result of Defendant's wrongful conduct;

(3)     Damages for the lost time, physical discomfort and inconvenience Plaintiff suffered as a result of Defendant's unlawful detention or false imprisonment of Plaintiff, if any; and,

(4)     The reasonable expense of necessary medical or psychological care, treatment and services received and the present cash value of the reasonable expenses of medical or psychological care, treatment and services reasonably certain to be received in the future.

Whether any of these elements of damages have been proved by the evidence is for you to determine. Your verdict must be based upon proof and not upon speculation, guess or conjecture. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

The guide for you to follow in determining compensation for pain and suffering, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate plaintiffs with fairness to all parties to this action.

\_\_\_\_\_  GIVEN

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN

 N.M. U.J.I. 13-1802, 13-1804, and 13-1807 (Michie 2004) (modified); Fifth Circuit Pattern Jury Instructions (Civil) 15.2 (1999) (modified); Memphis Community School Dist. v. Stachura, 477 U.S. 299, 307 (1986).

**INSTRUCTION NO. 12**

**PUNITIVE DAMAGES**

If you find that Defendant is liable to Plaintiff, you must award the Plaintiff the compensatory damages that she has proven. You also may award punitive damages, if Plaintiff has proved that Defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that Defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of the defendant in fixing the amount of punitive damages if such evidence has been presented to you.

_____ GIVEN

_____ REFUSED

_____ WITHDRAWN

Fifth Circuit Pattern Jury Instructions (Civil) 15.13 (2004).

CYNTHIA SEELEY,

      Plaintiff,

v.                              CIV No. 04-0118 JC/LFG

CHRISTOPHER CHASE,

      Defendant.

## PLAINTIFF'S REQUESTED VERDICT FORM

1.      On Plaintiff's unlawful detention claim against Defendant, we find in favor of:

_____

(Plaintiff Cynthia Seeley or Defendant Christopher Chase)

2.      On Plaintiff's excessive force claim against Defendant, we find in favor of:

_____

(Plaintiff Cynthia Seeley or Defendant Christopher Chase)

3.      On Plaintiff's substantive due process claim against Defendant, we find in favor of:

_____

(Plaintiff Cynthia Seeley or Defendant Christopher Chase)

4.      On Plaintiff's battery claim against Defendant, we find in favor of:

_____

(Plaintiff Cynthia Seeley or Defendant Christopher Chase)

5.      On Plaintiff's assault claim against Defendant, we find in favor of:

_____

(Plaintiff Cynthia Seeley or Defendant Christopher Chase)

6. On Plaintiff's false imprisonment claim against Defendant, we find in favor of:

_____

(Plaintiff Cynthia Seeley or Defendant Christopher Chase)

7. On Plaintiff's false arrest claim against Defendant, we find in favor of:

_____

(Plaintiff Cynthia Seeley or Defendant Christopher Chase)

*NOTE:* Complete question numbers eight (8) and nine (9) only if one or more of the above findings is in favor of Plaintiff Cynthia Seeley. If not, please sign and date this verdict form.

8. We find the total amount of Plaintiff's damages proximately caused by Defendant Chase to be:

$_____ (Stating the amount)

*NOTE:* You may not award punitive damages against Defendant unless you have first found against him and awarded Plaintiff damages. Please answer question number nine (9) if you awarded Plaintiff actual damages, then sign and date the verdict form.

9. We assess punitive damages against Defendant in the following amount:

$_____ (Stating the amount or, if none, "None")

_____

FOREPERSON

DATED: _____

Eighth Circuit Pattern Jury Instruction (Civil) 4.60 (2001) (modified); N.M. U.J.I. 13-2220 (Michie (2003) (modified).