## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CYNTHIA SEELEY,

        Plaintiff,

vs.                                                                      No. CIV-04-0118 JC/LFG

CHRISTOPHER CHASE,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on a limited remand from United States Court of Appeals for the Tenth Circuit, Case No. 05-2070.  In satisfaction of the Tenth Circuit's instructions on remand, I record the following analysis in support of my decision to admit the testimony of Veronica Edwell, Mitsey Ramone, K. H., and M. G. (collectively "other victims") at the trial of this matter.

**II.**    <u>Discussion</u>

The factual background of this case is established on the record and does not bear repeating in its entirety here.  As necessary, I reference only facts related to the task at hand.

Defendant Chase moved for exclusion of the other victims' testimony.  Plaintiff Seeley responded, in significant part, by advocating application of Rule 415 of the Federal Rules of Evidence.  *See* Docs. 60, 61, 64, 65, 70, 74.  The Tenth Circuit was unable to adequately review the propriety of my decision to admit the evidence under Rule 415 for lack of reasoning on the record regarding the probative versus prejudicial value of such evidence under Rule 403.  Indeed,

a reasoned analysis must be placed on the record upon admission of Rule 415 evidence.  *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998).

Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value
> is substantially outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by considerations
> of undue delay, waste of time, or needless presentation of
> cumulative evidence.

As the case stood before me awaiting the evidentiary ruling at issue, the following were undisputedly admissible facts.  Plaintiff Seeley was a convicted felon.  Seeley was incarcerated at a women's correctional facility in Grants, New Mexico when she was located by an investigator on behalf of the Albuquerque Police Department ("APD").  The investigator visited Seeley in prison in the course of pursuing allegations that an APD officer had sexually assaulted numerous women in Albuquerque while wearing an APD uniform and operating an APD cruiser.        Approximately one year prior to the investigator's visit to the Grants prison, Seeley and her partner, Dorinda Jim, had a heated argument at their apartment and Jim called the police.  Two APD officers arrived at their home; one of them was Chase.  Seeley provided the officers with a false name because she knew an outstanding warrant for her arrest existed.  Chase transported Seeley in his cruiser to another location in order for the argument to cool off.  Seeley returned home shortly thereafter, telling Jim that Chase had not taken her to the desired location but had instead raped her in the back of his police cruiser.  Jim called 911.  Two different officers were then dispatched to the location.  Seeley recanted her rape account upon seeing Chase when he also returned to her home.

At the time of trial, Chase was facing a (32) count Criminal Indictment in the Second

Judicial District Court, State of New Mexico, County of Bernalillo, which charged him with, *inter alia*, criminal sexual assault on Seeley and each of the other victims.[1]  Because the criminal case against him was pending, Chase had available at trial the Fifth Amendment to the United States Constitution, which rightly protected him from self-incrimination, but necessarily inhibited Sealey from extracting probative testimony from him at trial on her civil claims.

Given these facts, and having concluded that a reasonable jury could find by a preponderance of the evidence that other alleged sexual assaults occurred, I determined that: (1) the danger of unfair prejudice to Chase upon admission of the other victims' testimony was sufficiently assuaged by the abundant, admissible evidence tending to cast doubt on Seeley's own credibility with the jury (i.e. felony conviction, lying to the officers about her name, outstanding warrant, recanting her story, in prison at time of interview); (2) the testimony Seeley sought to introduce was particularly probative in that it tended to show, among other things, Chase's *modus operandi* and propensity to commit sexual assault on vulnerable women while empowered with the authority of an APD police officer; (3) the virtually unarguable probative value of the other victims' testimony was substantially enhanced by the unlikelihood that any probative evidence

---

[1]The criminal case is finally resolved.  On January 26, 2006, Chase entered into a Plea and Disposition Agreement pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).  Chase plead guilty to two counts of Criminal Sexual Penetration, victim Mitsey Ramone; one count of Criminal Sexual Penetration, victim Cynthia Seeley; three counts of Kidnaping, victims M.S., K.H., and Veronica Edwell; one count of Aggravated Battery with a Deadly Weapon, victim Mathew Bauer; one count of Criminal Sexual Penetration of a Child 13 to 18 Years Old, victim M.S.; one count of Criminal Sexual Contact of a Minor by a Person in Position of Authority, victim M.S.; and one count of Criminal Sexual Contact, victim Veronica Edwell.  Chase was sentenced to serve (15) years imprisonment, with a (45) year suspended sentence and (5) years of probation following release from custody.  *See State v. Christopher Chase*, N.M.D.C. No. CR 03-01990, Plea and Disposition Agreement, filed January 27, 2006 (*Doc.*   ); Judgment, Partially Suspended Sentence and Commitment, filed March 30, 2006 (*Doc.*   ).

from Chase himself would prove attainable at trial; (4) cross-examination would provide ample opportunity for Chase to challenge the veracity of the other victims' testimony; (5) appropriate jury instruction could adequately clarify any confusion of the issues that might result from the testimony and deflect an improperly-based jury verdict[2]; and (6) given the high probative value, the uncomplicated nature of the other victims' testimony, and the grave nature of the allegations against Chase, waste of time, undue delay, and needless presentation of cumulative evidence were not issues of significant concern.

## III.   Conclusion

For the reasons stated herein, I determined that the high probative value of the other victims' testimony was not substantially outweighed by the danger of unfair prejudice to Chase under Rule 403.  Indeed, it was--and remains--difficult for me to envision a scenario more congruous with the letter and spirit of Rule 415.  Accordingly, I permitted the witnesses to testify.

Dated May 1, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]The straightforward nature of the lay testimony at issue here rendered it distinguishably less likely to complicate issues than the Rule 413 evidence properly disallowed under Rule 403 in *United States v. David K. Guardia, M.D.*, 135 F.3d 1326 (10th Cir. 1998).

4